UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILA KORVINK, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>HOME DEPOT USA, INC.,<br><br>   Defendant. | No.  2:21-cv-00508 TLN AC<br><br><br>ORDER |

Before the court is plaintiffs' motion to re-open non-expert discovery to take the untimely noticed depositions of two of defendant's employees.  ECF No. 15.  The motion is made on the grounds that the court may modify a scheduling order and reopen discovery if the party making the request establishes good cause, Fed. R. Civ. P. 16(b)(4), and that a court may extend a deadline that has passed if the party making the request "failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  Id. at 1.  The parties filed a joint statement in which defendant opposes re-opening non-expert discovery.  ECF No. 24.

On December 20, 2021, plaintiffs filed a document labeled an objection that challenged a subpoena issued by defendant.  ECF No. 8.  This document was not noticed as a motion.  In that document, plaintiff asserts that "Non-expert discovery in this matter closed on November 22, 2021.  The subject subpoena was issued on December 6, 2021."  ECF No. 8 at 1.  Plaintiffs

1

argued that the subpoena was thus untimely and improper.  Now, in the motion at bar, plaintiffs state that "[a]s the result of a calendaring error, Plaintiffs noticed the depositions of witnesses Arthur Machalica and Majid Karagooli for December 1, 2021" and ask that discovery be re-opened.  ECF No. 24 at 3.

A court may modify a scheduling order and reopen discovery if the party making the request establishes good cause.  Fed. R. Civ. Proc. 16(b)(4).  A court may also extend a deadline that has passed if the party making the request "failed to act because of excusable neglect."  Fed. R. Civ. Proc. 6(b)(1)(B).  "When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery, [the Ninth Circuit] instruct[s] district courts to consider the following factors: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence."  City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017)

Here, there is no good cause to re-open discovery.  Though trial is not necessarily imminent, the parties expressly agreed to the set discovery schedule in their 26(f) report.  ECF No. 5 at 2 ("The parties anticipate completing discovery within the timeframe specified in this Court's Initial Pretrial Scheduling Order or any subsequent orders thereof.").  Indeed, as mentioned above, plaintiffs made their own objections to defendant's untimely discovery request due to the passing of the non-expert discovery deadline.  ECF No. 8.  Plaintiffs' request to extend discovery is opposed.  ECF No. 24.  The court finds defendant would be prejudiced if discovery were re-opened: expert reports have already been exchanged and the parties have been moving forward and analyzing expert reports as though fact discovery is closed.  ECF Nos. 21, 22; see, e.g., Servantez v. County of Sacramento, No. 07-cv-0661-FCD-JFM, 2009 WL 674352, at *3 (E.D. Cal. Mar. 3, 2009).

Importantly, the court does not find plaintiffs were diligent in obtaining the depositions at issue within the timeframe set by the court.  Failure to properly calendar deadlines demonstrates a

lack of diligence. Further, leaving depositions until the last minute creates a risk that those depositions will not be able to be scheduled. Defendant's statement that plaintiffs have known about the exitance/involvement of the two employees they wish to depose since at least June and July 2021, yet waited until October 2021 to issue deposition notices, further weighs against a finding of diligence. ECF No. 24 at 20. This also goes to the issue of foreseeability: if plaintiffs needed an extension of the fact discovery deadline to complete these depositions, they had ample time to seek an extension before the deadline passed. Finally, the extent to which the two untimely depositions could lead to relevant discovery is outweighed by the other factors disfavoring an extension, especially considering the significant discovery that has already taken place in this action. See ECF No. 24 at 21.

The parties are free to continue to engage in informal negotiations regarding discovery, but the right to seek enforcement by this court has concluded. Finding no good cause, plaintiffs' motion to re-open discovery (ECF No. 15) is DENIED.

IT IS SO ORDERED.

DATED: February 9, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE